IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| TINA M. TRAVIS, | ) | CASE NO. BK10-80763-TJM |
| | ) | |
| Debtor(s). | ) | CHAPTER 7 |

ORDER

Hearing was held in Omaha, Nebraska, on August 2, 2010, on the Chapter 7 trustee's objection to exemptions (Fil. #19) and resistance by the debtor (Fil. #24). John T. Turco appeared for the debtor, and Richard D. Myers appeared as trustee.

The objection is overruled.

Approximately one month before the debtor filed her Chapter 7 petition, the holder of a judgment against her garnished her bank account for $4,655.35. She claimed $2,227.29 of that sum as exempt under Neb. Rev. Stat. § 25-1552, describing it on Schedule C as an involuntary preference payment. The Chapter 7 trustee was able to recover the garnished amount from the judgment holder and has claimed it as an asset of the estate. He objects to the claimed exemption.

The issue here is whether § 522(g) permits such an exemption, particularly when read in conjunction with §§ 547, 550, and 551.[1]

---

[1]The relevant text of these statutes is as follows:

§ 522 Exemptions
. . .
(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—
(1) (A) such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or
(2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

(continued...)

The trustee takes the position that because § 522(g), in its litany of the sections under which a trustee may recover property, does not list § 547. The trustee argues that his recovery in this case was under § 547, so that section's exclusion from § 522(g) should mean that the debtor may not claim an exemption in it. This argument adheres to the "cardinal canon" of statutory interpretation: "that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992).

---

[1](...continued)
§ 547 Preferences
. . .
(b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property –
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made –
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if –
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

§ 550. Liability of transferee of avoided transfer
(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553 (b), or 724 (a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from –
(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
(2) any immediate or mediate transferee of such initial transferee.

§ 551. Automatic preservation of avoided transfer
Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724 (a) of this title, or any lien void under section 506 (d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

Under that canon, Congress did say what it meant in § 552(g), and the drafters' inclusion of § 547 therein would have been superfluous because § 522(g) speaks in terms of the *recovery* of property belonging to the estate, which is governed by §§ 550 and 551. Under the Bankruptcy Code, §§ 547 and 550 work in conjunction to achieve a recovery. It is a two-step process: "The § 547 determination, standing alone, operates as a mere declaration of avoidance. . . . [T]he trustee, in order to marshal the entirety of the debtor's estate, will need to recover the subject of the transfer pursuant to § 550(a)." Central Va. Cmty. Coll. v. Katz, 546 U.S. 356, 372 (2006). In other words, § 547 is used as a basis for finding a transfer to be avoidable or avoided. Bringing the transferred property or the value thereof back into the estate is accomplished via § 550. See also In re Goreham, Case No. BK09-80917-TLS, 2009 Bankr. LEXIS 2995, at *4 (Bankr. D. Neb. Sept. 16, 2009) (stating the same). Moreover, §§ 550 and 551 both explicitly refer to § 547, so, arguably, § 552(g), by including §§ 550 and 551, also incorporates § 547.

Therefore, § 522(g) does indeed permit a debtor to claim as exempt property recovered by a trustee through avoidance of a preferential transfer.

IT IS ORDERED: The Chapter 7 trustee's objection to exemptions (Fil. #19) is overruled.

DATED:    August 11, 2010

BY THE COURT:

  /s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
  *Richard D. Myers
  John T. Turco
  United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.